**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEITH D. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-0774 (UNA) |
| ) | |
| ATTORNEY GENERAL FOR THE D.C., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on consideration of Plaintiff Keith D. Johnson's application to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. For the reasons explained below, the Court will grant the application and dismiss the complaint.

Plaintiff has been tried in the Superior Court of the District of Columbia, convicted by a jury of assault with significant bodily injury while armed, and sentenced to a 15-year term of imprisonment. *See* Compl., Ex. (ECF No. 1-1 at 17, Third Amended Judgment in a Criminal Case, *United States v. Johnson*, No. 2017 CF2 000507 (D.C. Super. Ct. June 26, 2020)). He attributes his conviction and incarceration to the shortcomings of counsel, and has brought this action under 42 U.S.C. § 1983, *see* Compl. at 1, against the attorneys who represented him at trial, on direct appeal, and in post-conviction proceedings, *see id*. at 1-2, and from whom he demands damages "in cash, personal property, [and] privately owned land," *id*. at 6.[1]

---

[1]  The court presumes that Plaintiff sues the Mayor and the Attorney General of the District of Columbia in error. It does not appear that either would have been involved in the criminal prosecution of felony offenses. *See* D.C. Code § 23-101(c).

Because Plaintiff is a District of Columbia Code offender, he must first bring a challenge to his conviction and sentence (here, an ineffective assistance of trial counsel claim) in the Superior Court of the District of Columbia.  D.C. Code § 23-110 provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

*Id.* § 23-110(a).  Plaintiff has no recourse in federal court "absent any showing . . . that he either has sought relief under § 23-110, or that the Superior Court denied his § 23-110 motion, or that the remedy available in the Superior Court is inadequate or ineffective to test the legality of [his] detention[.]"  *Hill v. District of Columbia*, No. 1:23-cv-0940 (RC), 2024 WL 1716606, at *3 (D.D.C. Apr. 22, 2024) (citations omitted), *aff'd*, No. 24-7085, 2024 WL 5100403 (D.C. Cir. Dec. 12, 2024); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) (explaining that § 23-110 "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)").  Plaintiff has made no such showing.

Although an ineffective assistance of appellate counsel ("IAAC") claim is beyond the scope of § 23-110, *Streater v. United States*, 429 A.2d 173, 174 (D.C. 1980) (concluding that "Section 23-110 provides no basis upon which the trial court may review appellate proceedings"), Plaintiff fails to demonstrate that the claim properly is brought before this court.  An IAAC claim must be presented directly to the District of Columbia Court of Appeals by motion to recall the mandate.  *See Watson v. United States*, 536 A.2d 1056, 1059-61 (D.C. 1987) (en banc).  Plaintiff does not indicate that he has sought recall of the mandate, without which he does "get a second bite at the apple in federal court."  *Williams*, 586 F.3d at 1000.

2

Insofar as Plaintiff demands monetary compensation arising from his conviction and sentence, his claim appears to be premature.  The Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Because "Plaintiff does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, . . . his claim for damages fails."  *Hill*, 2024 WL 1716606, at *4; *see Williams v. Hill*, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996) (per curiam) (applying *Heck* rationale to *Bivens* action, such that, absent showing that jury "verdicts have . . . been set aside, [Plaintiff] cannot recover damages for the actions of those who allegedly brought about his convictions").  An Order is issued separately.

DATE: April 10, 2025          /s/
                              TANYA S. CHUTKAN
                              United States District Judge